MEMORANDUM *
The Commissioner of Social Security, through an administrative law judge, found that Caldwell was not disabled. Caldwell’s appeal to the District Court resulted in a *964 remand of several issues and foreclosure of other issues. We affirm.
The finding of no severe impairment in intellectual functioning and the finding that Caldwell did not meet the mental retardation listing (20 C.F.R. Part 404, Subpt. P, App. 1, § 12.05) were supported by substantial evidence. This evidence includes Caldwell’s academic record and various psychological reports concluding Caldwell’s intellectual functioning to be within normal limits. The ALJ did not improperly discount Caldwell’s symptom reporting.
As provided in the Act:
An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work.... 42 U.S.C. § 1382c(a)(3)(B).
The record supports the district court’s determination that Caldwell is not disabled under § 12.05.
The remand to the Commissioner for further findings of Claimant’s level of pain and the testimony of his sister is not improper since numerous factual questions remain unanswered. As we held in Barnecke v. Barnhart, 379 F.3d 587 (9th Cir.2004), benefits should be immediately awarded only when there are no outstanding issues to be resolved before a determination of disability can be made. AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.